Floyd DeRieux v. Commissioner.
De Rieux v. Commissioner
Docket No. 63672.
United States Tax Court
T.C. Memo 1958-146; 1958 Tax Ct. Memo LEXIS 81; 17 T.C.M. (CCH) 736; T.C.M. (RIA) 58146; July 29, 1958
Floyd DeRieux, Slick Airways, Willow Run Airport, Ypsilanti, Mich., pro se. Earl C. Crouter, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax of petitioner for the calendar year 1951 in the amount of $561.76. Some of the adjustments are no longer contested. The only issue remaining for decision is the deductibility of an amount alleged to have been expended by petitioner for meals and beverages while away from home in connection with work for his employer. Findings of Fact During the calendar year 1951 petitioner was a resident of Ventura, California, and he filed his Federal income tax return for that year with the then collector of internal revenue at Los Angeles, California. Petitioner was *82 a flight engineer for American Airlines, and during 1951 he made 82 round trips by air from Los Angeles as a member of an American Airlines flight crew. Most of these trips were to Chicago, Dallas, or Mexico City. A few trips were made to Phoenix. On each trip there was a lay-over of from 20 to 30 hours, on the average, before the beginning of the return trip. It was necessary for petitioner to purchase his own meals during such layovers. He was reimbursed for such meals and beverages by American Airlines to the extent of $244.65, which he included in his gross income, but he claimed a deduction in respect thereof in the net aggregate amount of $764.35. The Commissioner disallowed the deduction to the extent of $519.70 "due to lack of substantiation that it constitutes a proper deduction under section 23(a) * * *". Petitioner actually expended an aggregate amount of not less than the amount claimed on the return for such meals and beverages. Opinion RAUM, Judge: The disallowance in question apparently grew out of doubt as to whether petitioner actually expended the amount in question while away from home as an employee of American Airlines. We are reasonably satisfied on the evidence *83 that petitioner's home base was Los Angeles, and that he actually expended the amounts claimed for food and beverages in distant cities during lay-overs, awaiting his return flights to Los Angeles. There is nothing in the evidence to suggest that the beverages were other than might be consumed as part of, or in conjunction with meals, and the petitioner testified that they were non-alcoholic. The amounts expended for meals and beverages were clearly deductible. We hold that the Commissioner erred in his adjustment in this respect. Decision will be entered under Rule 50.